# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

_____ Allegheny _____ **County**

| For Prothonotary Use Only: | |
|---|---|
| Docket No: | *TIME STAMP* |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

Lead Plaintiff's Name:
Melissa Delval

Lead Defendant's Name:
Town of McCandless

**Are money damages requested?** ☒ Yes   ☐ No

Dollar Amount Requested:
(check one)
- ☐ within arbitration limits
- ☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes   ☒ No

**Is this an *MDJ Appeal*?** ☐ Yes   ☒ No

Name of Plaintiff/Appellant's Attorney: Dion G. Rassias, Esquire

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**SECTION B**

**Nature of the Case**:   Place an "X" to the left of the **ONE** case category that most accurately describes your ***PRIMARY CASE.*** If you are making more than one type of claim, check the one that you consider most important.

**TORT** (*do not include Mass Tort*)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability (*does not include mass tort*)
- ☐ Slander/Libel/ Defamation
- ☒ Other:
  Pa Human Relations Act Viol.
  Civil Rights Violations / Assa..

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** (*do not include Judgments*)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
  _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
  _____
- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
  _____
- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

Exhibit 1

*Updated 1/1/2011*

**COURT OF COMMON PLEAS ALLEGHENY COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| **MELISSA DELVAL and MICHAEL FLYNN, W/H** | : | |
| **865 Ashley Road** | : | |
| **Gibsonia, PA  15044** | : | **CIVIL DIVISION** |
| | : | |
| | : | **TYPE OF PLEADING:** |
| **Plaintiffs,** | : | CIVIL ACTION COMPLAINT |
| | : | |
| **vs.** | : | **FILED ON BEHALF OF:** |
| | : | MELISSA DELVAL and MICHAEL FLYNN, |
| **TOWN OF McCANDLESS** | : | her husband, PLAINTIFFS |
| **9955 Grubbs Road** | : | |
| **Wexford, PA  15090** | : | **DOCKET NO.  GD-20-** |
| | : | |
| **and** | : | **Attorneys for Plaintiffs:** |
| | : | |
| **DAVID DiSANTI** | : | THE BEASLEY FIRM, LLC |
| **9955 Grubbs Road** | : | BY: Dion G. Rassias, Esquire |
| **Wexford, PA  15090** | : | Identification No.:  49724 |
| | : | 1125 Walnut Street |
| **and** | : | Philadelphia, PA  19107-4997 |
| | : | (215) 592-1000 |
| **JEFFREY BASL** | : | (215) 592-8360 (Facsimile) |
| **9955 Grubbs Road** | : | |
| **Wexford, PA  15090** | : | SCHIFFMAN FIRM, LLC |
| | : | BY: Jason Schiffman, Esquire |
| **Defendants.** | : | Identification No.: 207103 |
| | : | 1300 Fifth Avenue |
| | : | Pittsburgh, PA  15219 |
| | : | (412) 288-9444 |
| | : | (412) 288-9455 (Facsimile) |
| | : | |
| | : | |
| | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |
| | : | |

Exhibit 1

**IN THE COURT OF COMMON PLEAS ALLEGHENY COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| MELISSA DELVAL and MICHAEL | : | |
| FLYNN, W/H | : | |
| 865 Ashley Road | : | |
| Gibsonia, PA  15044 | : | **CIVIL DIVISION** |
| | : | |
| **Plaintiffs,** | : | **DOCKET NO.  GD-20-** |
| | : | |
| **vs.** | : | |
| | : | |
| TOWN OF McCANDLESS, DAVID | : | |
| DiSANTI, and JEFFREY BASL, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |
| | : | |

## NOTICE TO DEFEND

### "NOTICE"

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defense or objections to the claims set forth against you.  You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

**Allegheny County Bar Association
LAWYER REFERRAL & INFO.
400 Koppers Building, 436 Seventh Ave.
Pittsburgh, PA  15219
(412) 261-6161**

### "AVISO"

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objecciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos iportantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGA.**
**Asociacion de Licenciados de Allegheny County
Servicio de Referencia e Informacion
400 Koppers Building, 436 Seventh Ave.
Pittsburgh, PA  15219
(412) 261-6161**

2

Exhibit 1

## IN THE COURT OF COMMON PLEAS ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| **MELISSA DELVAL and MICHAEL** | : | |
| **FLYNN, W/H** | : | |
| **865 Ashley Road** | : | |
| **Gibsonia, PA  15044** | : | CIVIL DIVISION |
| | : | |
| **Plaintiffs,** | : | DOCKET NO.  GD-20- |
| | : | |
| **vs.** | : | Attorneys for Plaintiffs: |
| | : | |
| **TOWN OF McCANDLESS** | : | THE BEASLEY FIRM, LLC |
| **9955 Grubbs Road** | : | BY: Dion G. Rassias, Esquire |
| **Wexford, PA  15090** | : | Identification No.:  49724 |
| | : | 1125 Walnut Street |
| **and** | : | Philadelphia, PA  19107-4997 |
| | : | (215) 592-1000 |
| **DAVID DiSANTI** | : | (215) 592-8360 (Facsimile) |
| **9955 Grubbs Road** | : | |
| **Wexford, PA  15090** | : | SCHIFFMAN FIRM, LLC |
| | : | BY: Jason Schiffman, Esquire |
| **and** | : | Identification No.: 207103 |
| | : | 1300 Fifth Avenue |
| **JEFFREY BASL** | : | Pittsburgh, PA  15219 |
| **9955 Grubbs Road** | : | (412) 288-9444 |
| **Wexford, PA  15090** | : | (412) 288-9455 (Facsimile) |
| | : | |
| **Defendants.** | : | |

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the Case Records Public Access

Policy of the Unified Judicial System of Pennsylvania that require filing confidential information

and documents differently than non-confidential information and documents.


BY:   */s/ Dion G. Rassias*
      DION G. RASSIAS, ESQUIRE
      Attorney I.D. No.: 49724
      1125 Walnut Street
      Philadelphia, PA 19107
      (215) 592-1000
      (215) 592-8360 (facsimile)
      dgr@beasleyfirm.com

3

Exhibit 1

## IN THE COURT OF COMMON PLEAS ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| **MELISSA DELVAL and MICHAEL FLYNN, W/H**<br>**865 Ashley Road**<br>**Gibsonia, PA  15044** | : <br> : <br> : <br> : | |
| | : | **CIVIL DIVISION** |
| | : | |
| **Plaintiffs,** | : | **DOCKET NO.  GD-20-** |
| | : | |
| **vs.** | : | **Attorneys for Plaintiffs:** |
| | : | |
| **TOWN OF McCANDLESS** | : | THE BEASLEY FIRM, LLC |
| **9955 Grubbs Road** | : | BY: Dion G. Rassias, Esquire |
| **Wexford, PA  15090** | : | Identification No.:  49724 |
| | : | 1125 Walnut Street |
| **and** | : | Philadelphia, PA  19107-4997 |
| | : | (215) 592-1000 |
| **DAVID DiSANTI** | : | (215) 592-8360 (Facsimile) |
| **9955 Grubbs Road** | : | |
| **Wexford, PA  15090** | : | SCHIFFMAN FIRM, LLC |
| | : | BY: Jason Schiffman, Esquire |
| **and** | : | Identification No.: 207103 |
| | : | 1300 Fifth Avenue |
| **JEFFREY BASL** | : | Pittsburgh, PA  15219 |
| **9955 Grubbs Road** | : | (412) 288-9444 |
| **Wexford, PA  15090** | : | (412) 288-9455 (Facsimile) |
| | : | |
| **Defendants.** | : | |

### PLAINTIFFS' CIVIL ACTION COMPLAINT

Plaintiffs Melissa Delval and Michael Flynn, w/h, by and through their attorneys, Dion G. Rassias, Esquire of The Beasley Firm, LLC and Jason Schiffman, Esquire of Schiffman Firm, LLC, hereby demand damages against Defendants Town of McCandless, David DiSanti and Jeffrey Basl, in an amount substantially in excess of any applicable arbitration limits, exclusive of her demand for interest, costs, and damages for pre- and post-judgment delay, and attorneys' fees and costs where permitted, and in support thereof, states and avers as follows:

I.        **PARTIES**

1.        Plaintiff Melissa Delval ("Officer Delval") is an adult individual citizen of the County of Allegheny in the Commonwealth of Pennsylvania.   At all times relevant hereto, Plaintiff was employed as a police officer for Defendant Town of McCandless.

2.        Officer Delval is female.

3.        Plaintiff Michael Flynn ("Flynn") is an adult individual citizen of the County of Allegheny in the Commonwealth of Pennsylvania.

4.        At all times relevant hereto, Plaintiffs were husband and wife.

5.        Defendant Town of McCandless ("McCandless") is, upon information and belief, a township and political subdivision of the Commonwealth of Pennsylvania with offices located at 9955 Grubbs Road, Wexford, PA  15090.

6.        Defendant David DiSanti ("DiSanti") is, upon information and belief, an adult individual citizen of the County of Allegheny in the Commonwealth of Pennsylvania.   At all times relevant hereto, Defendant DiSanti was employed as the Chief of Police for Defendant Town of McCandless with an address for service at 9955 Grubbs Road, Wexford, PA 15090.

7.        Defendant Jeffrey Basl ("Basl") is, upon information and belief, an adult individual citizen of the County of Allegheny in the Commonwealth of Pennsylvania.   At all times relevant hereto, Defendant Basl was employed as a police lieutenant for Defendant Town of McCandless with an address for service at 9955 Grubbs Road, Wexford, PA 15090.

8.        At all times relevant hereto, Defendant McCandless employed four (4) or more individuals in the Commonwealth of Pennsylvania.

9.        At all times relevant hereto, Defendant McCandless employed more than fifteen (15) employees.

5

Exhibit 1

10.     At all times relevant hereto, Defendant McCandless was acting by and through its agents, servants, workers, and employees, including, but not limited to, its police chief, police officers, councilpersons and other officials, all of whom were acting within the course and scope of their employment for and on behalf of Defendant McCandless.

11.     At all times relevant hereto, Defendant McCandless acted as an "Employer" within the meaning of the statutes that form the bases of this matter.

12.     At all times relevant hereto, Officer Delval was an "Employee" of Defendant McCandless within the meaning of the statutes that form the bases of this matter.

## II.     JURISDICTION AND VENUE

13.     This Honorable Court has jurisdiction over this matter because the amount in controversy substantially exceeds the arbitration limits and Plaintiff demands a jury trial.

14.     Venue is proper for this action as the alleged intentional and negligent actions all occurred in Allegheny County, and Defendants regularly and continuously transact business in and throughout Allegheny County, and all parties, upon information and belief, are residents of Allegheny County.

15.     On March 22, 2019, Plaintiff filed a Complaint with the Pennsylvania Human Relations Commission ("PHRC"), complaining of the acts of discrimination and retaliation alleged herein (the "PHRC Complaint"). The PHRC Complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto as Exhibit "A" is a true and correct copy of the PHRC Complaint.

16.     On or about June 11, 2020, the PHRC issued to Plaintiff a letter notifying her of her right to bring an action in court. Attached hereto as Exhibit "B" is a true and correct copy of this letter.

6

Exhibit 1

17.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## III.     FACTUAL BACKGROUND

18.     Officer Melissa Delval was subjected to constant, persistent and systemic sexual harassment and discrimination, specifically by Defendant DiSanti, Defendant Basl and other employees of Defendant McCandless, from the time she was sworn into the Town of McCandless Police Department on August 7, 2017 through September 25, 2018.

19.     This severe, pervasive, continuous and highly inappropriate and illegal conduct by the Defendant DiSanti, Defendant Basl and other officers created a hostile work environment and has caused Plaintiffs to suffer mentally, emotionally, professionally and economically.

20.     The specific acts of harassment and discrimination include the following:

a.   On Monday, September 4, 2017, Defendant DiSanti[1] grabbed and forcibly kissed Officer Delval at a family gathering at his home while she was in full uniform and on duty.  She was brought to the gathering by Officer David Martin, with whom she was assigned for field training, and as they began to leave the home to return to their duties, Defendant DiSanti forcefully grabbed Officer Delval, pulled her into his arms against her will and attempted to kiss her on the lips.  She was able to turn her head, and he kissed the right side of her head.  This act was completely unasked for and unwelcome, and indicative of Defendant DiSanti's ongoing inappropriate conduct;

---

[1] Upon information and belief, Chief DiSanti was previously discharged from the Oakmont Police Department as a result of his having an improper sexual relationship with a department secretary.  Apparently unfazed, the Town of McCandless hired him anyway, and through sham interrogations and hollow "punishment," continue to greenlight and encourage his ongoing and pervasive misconduct.

Exhibit 1

b.  Defendant Basl made constant, daily, crude, lewd and inappropriate sexual comments to Officer Delval and other officers in the department, which resulted in an uncomfortable and hostile work environment;

c.  On September 25, 2018, Officer Delval was assigned to on-duty training at the Allegheny County Training Academy Range.  She was in a marked patrol car driving through the parking lot when she saw Defendant Basl standing in the parking lot.  Defendant Basl turned to face Officer Delval and exhibited more of his typical misconduct, this time by grabbing his genitals over his pants, sticking out his tongue and shaking his genitals and head at her, simulating oral sex;

d.  Officer Delval was repeatedly referred to by Defendant DiSanti and Defendant Basl in a repulsive and repugnant sexual term, which will be more fully disclosed in discovery; however, the term was particularly demeaning, degrading, insensitive and highly inappropriate;

e.  During her swearing in on August 7, 2017, former councilman Ralph LeDonne described Officer Delval as "the winner of the Jennifer Aniston look-a-like contest," while the other two officers that were sworn in that day received no comments about their appearance.  This statement was documented via video and was witnessed by numerous citizens, McCandless Town Council and the McCandless Town Manager;

f.  From August 8, 2017 to October 14, 2017, Officer Delval completed her field training with Officer David Martin.  Defendant DiSanti told Officer Delval that she was assigned to Officer Martin because she is female and Officer

8

Exhibit 1

Martin was in a "committed relationship," inferring that Defendant DiSanti did not trust the other male officers in the department, though nearly all of them are married, to maintain a professional, "hands off" relationship with Plaintiff;

g.  Officer Delval's field training was different than that of her male counterparts because of her gender.  For example, it is common practice that the trainee takes every available arrest while undergoing training, but Officer Delval was denied a DUI arrest.  Officer Delval reported her deliberately inadequate field training experience to other officers and Lt. Basl, but nothing was done;

h.  Also, throughout field training, Officer Delval was called into Defendant DiSanti's office multiple times per week so that DiSanti could "gossip." DiSanti consistently looked for excuses to conduct these closed-door meetings with Plaintiff.  It became so pervasive, that other officers and administrative staff commented to Officer Delval that they had never seen or experienced anything similar, and it became a joke in the department.  Notably, none of Officer Delval's male counterparts experienced similar behavior or frequent closed-door invitations from Defendant DiSanti;

i.  In fact, during one of these closed-door meetings, Defendant DiSanti inquired whether Officer Delval was interested in participating in the Attorney General's Drug Task Force.  Plaintiff expressed her interest and stated that she had prior experience in undercover operations with the City of Pittsburgh's Narcotics and Vice Unit, which included the purchase of club drugs and prostitution.  DiSanti responded by saying, "You, working prostitution?

9

Exhibit 1

That's entrapment!"   When Officer Delval did not respond, the Defendant stated further, "I'm complimenting you by the way.   That's a compliment. You're very attractive."   This statement is not only unprofessional, it was unwelcomed and professionally troubling to Officer Delval;

j.   In September of 2017, Defendant DiSanti initiated a sexual harassment investigation against former Lieutenant Thomas Niebel on Officer Delval's behalf, even though she had never been sexually harassed by Lt. Niebel, based solely on the fact that DiSanti had a personal vendetta against Lt. Niebel. Officer Delval made it clear that Lt. Niebel had never sexually harassed her or displayed any inappropriate behavior toward her, but DiSanti used her gender to falsify a sexual harassment claim.   Though she spoke truthfully during the investigation and stated unequivocally that she was never harassed by Lt. Niebel, her statements were dismissed as "tactful" by DiSanti, and Lt. Niebel was forced to retire from the Police Department; and

k.   Officer Delval was advised by a fellow officer that Defendant DiSanti was targeting her specifically because he felt rejected, because she did not volunteer for his various "social media spectacles" and did not offer to be the "young, pretty face of the department."

21.   Further, the Town of McCandless, and more specifically, the McCandless Town Council, has outrageously allowed, and therefore perpetuated, this misconduct and behavior by failing to fully and properly investigate its wayward police force and leadership, and has therefore directly cultivated and permitted this fraternity atmosphere to permeate all aspects of its police department.

10

Exhibit 1

22.     On October 21, 2018, Officer Delval sent a letter to the Town Manager, Toby Cordek, notifying Defendant McCandless of these outrageous acts of sexual harassment and discrimination, requesting that it conduct an investigation and potentially enforce discipline against those found accountable for those acts.

23.     Defendant McCandless did nothing in response to this notice.

24.     As a result of this ongoing harassment and discrimination, and Defendant McCandless' failure to do anything to stop it, on March 22, 2019, Plaintiff filed a Complaint with the Pennsylvania Human Relations Commission (PHRC) and the Equal Employment Opportunity Commission (EEOC).

25.     As a result of this filing, Defendants have now retaliated against Plaintiff.

26.     On March 6, 2019, at the direction of Defendant DiSanti, Detective/Sergeant Eric Egli of the McCandless Police Department sent an email to the entire department requesting that anyone interested in applying for an open detective position forward a letter of interest to Chief DiSanti.

27.     In response, Officer Delval promptly sent a letter of interest to DiSanti in the hopes of being promoted to detective.

28.     On March 19, 2019, DiSanti's secretary sent an email to the seven (7) patrol officers who expressed interest in the detective position, including Plaintiff, advising them that interviews would take place on March 26, 2019, and requesting supplemental documents such as resumes, certificates, etc.

29.     Officer Delval promptly responded and supplied the requested documents.

30.     Then, on March 26, the date the interviews were scheduled to take place, DiSanti advised his secretary to inform the candidates that the interviews were postponed due to

11

Exhibit 1

"manpower issues," though there was no change in manpower in the department since the original email went out on March 6, 2019.

31.     Then, on March 27, 2019, DiSanti directed a lieutenant to inform Officer Bock that he had been given the detective position.

32.     Officer Bock reluctantly agreed but was confused <u>as he was not one of the officers who applied for the position</u>.

33.     Upon information and belief, Defendants learned of Officer Delval's PHRC/EEOC Complaint on March 26, 2019, the day the interviews were originally scheduled to take place.

34.     It is clear that Defendants' actions of not even interviewing Officer Delval for the detective position and then giving it to an officer that had not even applied just one (1) day after learning of Plaintiff's PHRC/EEOC Complaint is retaliation against her.

35.     Furthermore, Defendants failed to accommodate Officer Delval's pregnancy.

36.     In or about early-October 2019, Officer Delval notified Defendant Town of McCandless that she was pregnant.

37.     Shortly thereafter, Officer Delval requested accommodations, including light duty, due to her pregnancy and the fact that she was involved in a physical altercation with a suspect.

38.     On October 9, 2019, Town Manager Robert T. Grimm notified Officer Delval via letter that "the Town of McCandless Police Department does not have light duty positions."  Mr. Grimm further directed Officer Delval to apply for short term disability insurance coverage or take leave under the Family Medical Leave Act ("FMLA").  <u>See</u> Exhibit "C."

Exhibit 1

39.     Ultimately, Officer Delval's colleagues donated numerous sick days to her so that she could take sick leave during her pregnancy.

40.     Then, when she was approximately seven (7) months pregnant, Defendant McCandless offered a desk job to Officer Delval so she could return to work, even though it previously stated that it did not have light duty positions available to her (or anyone, for that matter).

41.     After the birth of her baby, Defendant McCandless agreed to let Officer Delval use her remaining 60 sick days to recover and care for her newborn during the COVID-19 pandemic. However, shortly thereafter, on April 24, 2020, Defendant McCandless revoked this agreement and demanded that Officer Delval return to work on the following business day, April 27, 2020.

42.     This unreasonable demand by Defendant led Officer Delval to experience severe, postpartum anxiety, and her doctor ordered Officer Delval to spend an additional four (4) weeks on disability, during which Officer Delval only received 60% of her salary.

43.     After her disability period ended, Officer Delval took leave under FMLA for an additional 12 weeks, receiving only two-thirds of her pay rate.

44.     If Officer Delval had been permitted to use her sick days, which was originally agreed to by Defendant McCandless and then unreasonably revoked, she would have received her full pay during this time.

45.     Defendant McCandless has indicated that it will not even consider implementing a maternity policy for its police officers.

Exhibit 1

46.     The ongoing, constant, systematic and outrageous abuses and acts of discrimination set forth above have caused Officer Delval emotional, mental, professional and economic harm.

47.     As direct and proximate result of the aforesaid conduct, acts, omissions, or deliberate indifference of the Defendants, which constitute extremely outrageous conduct, the Plaintiff has suffered, is suffering, and will continue to suffer for an indefinite time into the future the following:

      a.   emotional, psychological, and physical distress, trauma, injury, and harm;

      b.   mental anguish;

      c.   psychic pain and suffering;

      d.   severe fright, horror, and grief;

      e.   shame, humiliation, and embarrassment;

      f.   severe anger, chagrin, disappointment, and worry;

      g.   the need to expend funds for medical care and treatment; and

      h.   wage loss and loss of earning capacity.

### COUNT I
### PENNSYLVANIA HUMAN RELATIONS ACT
### PLAINTIFFS v. ALL DEFENDANTS

48.     The allegations in the previous paragraphs are incorporated herein as though fully set forth at length.

49.     At all times relevant hereto, Defendants were the employer of Plaintiff Melissa Delval within the meaning of the Pennsylvania Human Relations Act ("PHRA").

50.     As set forth above, during her employment as a police officer for Defendant McCandless, Officer Delval was subjected to continuous, systemic and outrageous acts of

harassment, including sexual harassment, and discrimination by Defendant DiSanti, Defendant Basl and other employees of Defendant McCandless solely because of her gender.

51.     Additionally, as set forth above, Defendants retaliated against Plaintiff and continued to discriminate against her by not even interviewing her for the detective position she was qualified for specifically because she filed a complaint with the PHRC/EEOC.

52.     By committing the foregoing acts of sex discrimination and retaliation, and creating a discriminatory hostile work environment against Plaintiff, Defendants have violated, and are in continuing violation of, the PHRA.

53.     As a direct and proximate result of Defendants' violations of the PHRA, Plaintiff has sustained the injuries, damages and losses set forth herein and has incurred attorneys' fees and costs.  Plaintiff is entitled to recover reasonable attorneys' fees under Sec. 43 P.S. §962(c).

54.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Honorable Court grants the relief requested herein.

55.     No previous application has been made for the relief requested herein.

WHEREFORE, it is respectfully requested that this Honorable Court enter judgment in favor of the Plaintiffs and against Defendants, jointly and severally, in an amount in excess of the arbitration limits, together with attorneys' fees, costs of this litigation, delay damages, interest and any further relief this Honorable Court deems just and appropriate.

## COUNT II
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## PLAINTIFFS v. ALL DEFENDANTS

56.     The allegations in the previous paragraphs are incorporated herein as though fully set forth at length.

15

Exhibit 1

57.     By committing the foregoing acts of sex discrimination and retaliation, and creating a discriminatory hostile work environment against Plaintiff, Defendants have violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII").

58.     Said violations were intentional and with malice and/or reckless indifference to Plaintiff's rights and warrant the imposition of punitive damages.

59.     As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

60.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

WHEREFORE, it is respectfully requested that this Honorable Court enter judgment in favor of the Plaintiffs and against Defendants, jointly and severally, in an amount in excess of the arbitration limits, together with punitive damages, attorneys' fees, costs of this litigation, delay damages, interest and any further relief this Honorable Court deems just and appropriate.

## COUNT III
### ASSAULT AND BATTERY
### PLAINTIFFS v. DEFENDANT DiSANTI

61.     The allegations in the previous paragraphs are incorporated herein as though fully set forth at length.

62.     Defendant DiSanti, in physically forcing himself onto Plaintiff Melissa Delval, for the purpose of offensively touching her, engaged in intentional, wanton, willful and outrageous conduct, acted with deliberate malice, was grossly and outrageously negligence, acted with

16

Exhibit 1

reckless disregard of and with deliberate, callous and reckless indifference to the right, interest, welfare and safety of the Plaintiff for the reasons articulated in this Complaint.

63.     As a result of Defendant DiSanti's intentional, wanton, willful and outrageous conduct, Plaintiff was caused to suffer an immediate and reasonable apprehension of harmful or offensive contact with her body and was caused to sustain a harmful and offensive contact to her body.

64.     As a result of Defendant DiSanti's wanton, willful and outrageous conduct in inflicting this assault, Plaintiff was caused to suffer damages, psychological and emotional trauma, embarrassment and humiliation.

65.     Defendant DiSanti initiated an assault on Plaintiff by forcefully grabbing Officer Delval and offensively touching her without invitation, thereby violating the common law of the Commonwealth of Pennsylvania whose courts have adopted the principles of the Restatement 2d of Torts concerning the offenses of assault and battery, including, without limitation:

§ 13 Battery: Harmful Contact

(1)  An actor is subject to liability to another for battery if:

a.  he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and

b. a harmful contact with the person of the other directly or indirectly results.

§ 15 What Constitutes Bodily Harm

Bodily harm is any physical impairment of the condition of another's body, or physical pain or illness.

17

Exhibit 1

§ 18 Battery: Offensive Contact

(1)  An actor is subject to liability to another for battery if:

      a.  he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and

      b. an offensive contact with the person of the other directly or indirectly results.

§ 21 Assault

(1)  An actor is subject to liability to another for assault if;

      a.  he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and

      b.  the other is thereby put in such imminent apprehension.

66.    By reason of the carelessness, negligence, recklessness and/or intentional conduct of Defendant DiSanti, Plaintiff was caused to sustain serious injuries as more fully described in the preceding paragraphs of this Complaint.

67.    Defendant DiSanti acted intending to cause an offensive contact with Plaintiff, and as a result, Plaintiff was put in imminent apprehension of that contact.

68.    Defendant DiSanti acted intending to cause an offensive contact with Plaintiff, and as a result, an offensive contact with the Plaintiff occurred.

WHEREFORE, it is respectfully requested that this Honorable Court enter judgment in favor of the Plaintiffs and against Defendant in an amount in excess of the arbitration limits, together with punitive damages, delay damages, interest and any further relief this Honorable Court deems just and appropriate.

18

Exhibit 1

## COUNT IV
## NEGLIGENCE
## PLAINTIFFS v. DEFENDANT TOWN OF McCANDLESS

69.     The allegations in the previous paragraphs are incorporated herein as though fully set forth at length.

70.     Defendant McCandless, by and through the acts and omissions of its agents, servants, workers and employees, in harassing and discriminating against the Plaintiff on the basis of her gender, sexually harassing the Plaintiff, creating a hostile work environment at the police department and retaliating against Plaintiff after she filed a complaint with the PHRC/EEOC, in the course and scope of its employment, violated the statutes of the Commonwealth of Pennsylvania and was careless, negligent and reckless in numerous respects, including:

a.   Violating the Pennsylvania Human Relations Act by discriminating against Plaintiff based on her gender;

b.   Violating the Pennsylvania Human Relations Act by retaliating against Plaintiff because she filed a complaint with the Pennsylvania Human Relations Commission and the Equal Employment Opportunity Commission;

c.   Violating its own policy, Sec. 1.8.2, regarding sexual harassment by allowing acts of sexual harassment to continue with no investigation or sanction;

d.   Failing to recognize that its employees were discriminating and/or retaliating against Plaintiff;

e.   Failing to take any corrective action to stop its employees from discriminating and/or retaliating against Plaintiff once it was notified of its occurrence;

19

Exhibit 1

f.   Failing to establish, monitor and administer training programs, policies and operating procedures designed to identify, manage, correct and discipline acts of discrimination and/or retaliation;

g.   Failing to have and enforce policies and practices which include anti-discrimination training;

h.   Failing to have and enforce policies and practices regarding reporting discrimination and retaliation;

i.   Failing to have and enforce policies and practices regarding investigating allegations of discrimination and retaliation;

j.   Failing to have and enforce policies and practices regarding correcting and/or disciplining individuals found responsible for acts of discrimination and retaliation;

k.   Allowing Defendant DiSanti and other employees of the police department to continue creating a hostile and discriminatory work environment for its officers;

l.   Allowing Defendant DiSanti and other employees to continue committing acts of discrimination and retaliation without any discipline or consequence; and

m.   Allowing Defendant DiSanti to return to work as Chief of Police with no oversight to ensure that he is not continuing to commit acts of discrimination and retaliation.

71.   By reason of the carelessness, negligence, recklessness and statutory violations of Defendant McCandless, as an institution and by and through its separate and respective agents, servants, workers and employees, as set forth above, Plaintiff was caused to sustain serious,

20

Exhibit 1

debilitating and permanent injuries as more fully described in the preceding paragraphs of this Complaint.

WHEREFORE, it is respectfully requested that this Honorable Court enter judgment in favor of the Plaintiffs and against Defendant in an amount in excess of the arbitration limits, together with delay damages, interest and any further relief this Honorable Court deems just and appropriate.

**COUNT V**
**NEGLIGENCE**
**PLAINTIFFS v. DEFENDANTS DAVID DiSANTI AND JEFFREY BASL**

72.     The allegations in the previous paragraphs are incorporated herein as though fully set forth at length.

73.     Defendant DiSanti owed a duty to Plaintiff as her supervisor and Chief of the police department to ensure that her working conditions there were safe and free from harassment and discrimination.

74.     Defendant Basl owed a duty to Plaintiff as a fellow police officer to ensure that her working conditions at the department were safe and free from harassment and discrimination.

75.     Defendants breached that duty by forcibly and offensively touching the Plaintiff, continuously harassing Officer Delval based on her gender, and retaliating against Plaintiff for filing a complaint with the PHRC/EEOC.

76.     Furthermore, as the Chief of Police, Defendant DiSanti breached that duty by intentionally, recklessly and/or negligently creating and/or condoning a hostile and uncomfortable workplace environment for Officer Delval within the police department.

77.     Defendants were negligent and breached their respective duties to exercise due care generally and in the following specific respects:

21

Exhibit 1

a.  Offensively touching Plaintiff;

b.  Using excessive, disproportionate and unreasonable force;

c.  Humiliating Plaintiff;

d.  Creating and/or condoning a hostile and harassing work environment for Plaintiff;

e.  Acting unreasonably throughout his interactions with Plaintiff;

f.  Making sexually suggestive and harassing comments to Plaintiff;

g.  Creating an environment where other officers felt empowered to make sexually suggestive and harassing comments to Plaintiff;

h.  Retaliating against Plaintiff by failing to interview her for a promotion for which she was qualified because she filed a complaint with the PHRC/EEOC;

i.  Failing to exercise reasonable care.

78.     As a result of Defendants' unreasonableness, negligence, intentional and reckless conduct, and failure to act with due care, Plaintiff was caused to suffer serious injuries and damages.

WHEREFORE, it is respectfully requested that this Honorable Court enter judgment in favor of the Plaintiffs and against Defendants in an amount in excess of the arbitration limits, together with delay damages, interest and any further relief this Honorable Court deems just and appropriate.

## COUNT VI
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### PLAINTIFFS v. DEFENDANT TOWN OF McCANDLESS

79.     The allegations in the previous paragraphs are incorporated herein as though fully set forth at length.

Exhibit 1

80.     At all times relevant hereto, Defendant McCandless was acting by and through its agents, servants, workers, and employees, including, but not limited to, its police chief, police officers, councilpersons and other officials.

81.     The aforesaid extreme, outrageous, intentional, and/or reckless conduct, acts, omissions, or deliberate indifference of the Defendant was reasonably foreseeable and intentionally and/or recklessly calculated, designed, and intended by the Defendant to inflict deliberate emotional distress, psychological trauma, and psychic pain and suffering upon the Plaintiff and to instill in her mind an immediate and permanent sense of fear and trepidation, and said conduct, acts, omissions, or deliberate indifference surpassed the bounds of decency universally recognized in a civilized society.

82.     The extreme, outrageous, intentional, and/or reckless conduct, acts, omissions, or deliberate indifference which are complained of herein were committed by the individual Defendant while said Defendant was acting with knowledge of and/or implied consent from Defendant McCandless' servants, workmen, agents, and/or employees, and consist of "acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct" for which immunity will not lie pursuant to 42 Pa. C.S. § 8550.  This Complaint is filed pursuant to the "personal animus" exception of the Workers' Compensation statute.

83.     This extreme, outrageous, intentional, and/or reckless conduct is clearly "personal animus."   As set forth above, Defendant's acts of intentionally inflicting emotional distress toward Plaintiff are due to purely ugly personal reasons.

84.     As direct and proximate result of the aforesaid conduct, acts, omissions, or deliberate indifference of the Defendant, which constitute extremely outrageous, intentional and/

23

Exhibit 1

or reckless conduct, the Plaintiff has suffered, is suffering, and will continue to suffer for an indefinite time into the future the following:

      a.  emotional, psychological, and physical distress, trauma, injury, and harm;

      b.  mental anguish;

      c.  psychic pain and suffering;

      d.  severe fright, horror, and grief;

      e.  shame, humiliation, and embarrassment;

      f.  severe anger, chagrin, disappointment, and worry; and

      g.  the need to expend funds for medical care and treatment; and

      h.  wage loss and loss of earning capacity.

WHEREFORE, it is respectfully requested that this Honorable Court enter judgment in favor of the Plaintiffs and against Defendant in an amount in excess of the arbitration limits, together with punitive damages, delay damages, interest and any further relief this Honorable Court deems just and appropriate.

## COUNT VII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## PLAINTIFFS v. DEFENDANTS DAVID DiSANTI AND JEFFREY BASL

85.    The allegations in the previous paragraphs are incorporated herein as though fully set forth at length.

86.    At all times relevant hereto, Defendants were employees of Defendant McCandless, acting on its behalf, or, in the alternative, acting independently as discovery may reveal.

87.    The aforesaid extreme, outrageous, intentional, and/or reckless conduct, acts, omissions, or deliberate indifference of Defendants DiSanti and Basl, in the scope of their

employment, or acting independently, were reasonably foreseeable and intentionally and/or recklessly calculated, designed, and intended by the Defendants to inflict deliberate emotional distress, psychological trauma, and psychic pain and suffering upon the Plaintiff and to instill in her mind an immediate and permanent sense of fear and trepidation, and said conduct, acts, omissions, or deliberate indifference surpassed the bounds of decency universally recognized in a civilized society.

88.     The aforesaid extreme, outrageous, intentional, and/or reckless conduct, acts, omissions, or deliberate indifference were in violation of Plaintiff's Constitutional Rights guaranteed under the Fourteenth Amendment of the United State Constitution, 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988, and Article I, § 1 and § 26 of the Constitution of the Commonwealth of Pennsylvania.

89.     The extreme, outrageous, intentional, and/or reckless conduct, acts, omissions, or deliberate indifference which are complained of herein were committed by Defendants DiSanti and Basl and consist of "acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct" for which immunity will not lie pursuant to 42 Pa. C.S. § 8550.   This Complaint is filed as a result of Defendants "personal animus."

90.     This extreme, outrageous, intentional, and/or reckless conduct is clearly "personal animus."   As set forth above, Defendants' acts of intentionally inflicting emotional distress toward Plaintiff are due to purely ugly personal reasons.

91.     Defendants DiSanti and Basl intentionally performed acts of personal animosity against Plaintiff, causing her to suffer from severe emotional distress.   The emotionally damaging actions Defendants DiSanti and Basl performed were not related to the job responsibilities of the Defendants or the Plaintiff.

Exhibit 1

92.     As direct and proximate result of the aforesaid conduct, acts, omissions, or deliberate indifference of Defendants DiSanti and Basl, which constitute extremely outrageous conduct, the Plaintiff has suffered, is suffering, and will continue to suffer for an indefinite time into the future the following:

      a.   emotional, psychological, and physical distress, trauma, injury, and harm;

      b.   mental anguish;

      c.   psychic pain and suffering;

      d.   severe fright, horror, and grief;

      e.   shame, humiliation, and embarrassment;

      f.   severe anger, chagrin, disappointment, and worry;

      g.   the need to expend funds for medical care and treatment; and

      h.   wage loss and loss of earning capacity.

WHEREFORE, it is respectfully requested that this Honorable Court enter judgment in favor of the Plaintiffs and against Defendants in an amount in excess of the arbitration limits, together with punitive damages, delay damages, interest and any further relief this Honorable Court deems just and appropriate.

<u>COUNT VIII</u>
**NEGLIGENT HIRING/RETENTION OF EMPLOYEE**
**PLAINTIFFS v. DEFENDANT TOWN OF McCANDLESS**

93.     The allegations in the previous paragraphs are incorporated herein as though fully set forth at length.

94.     As is clearly demonstrated above, Defendant McCandless knew of Defendant DiSanti's and Defendant Basl's wrongful conduct and negligently and/or recklessly permitted, and continues to permit, it to continue at the police department.

Exhibit 1

95.     Defendant McCandless knew Defendants DiSanti and Basl had personal animosity toward Plaintiff for filing a complaint with the PHRC/EEOC.

96.     This knowledge required Defendant McCandless to closely supervise Defendant DiSanti's and Defendant Basl's conduct with regard to the Plaintiff.

97.     Defendant McCandless had the opportunity to control Defendants DiSanti and Basl and failed to prevent his negligent and wrongful conduct from occurring at the police department.

98.     It is clear from the facts set forth above and incorporated fully herein that Defendant McCandless knew that Defendants DiSanti and Basl were engaging in behavior that made him unfit and/or incompetent to work in their respective positions as Chief of Police and a lieutenant with the police department, and specifically, for personal reasons with regard to Plaintiff.

99.     Given this knowledge and its ability to monitor Defendants DiSanti and Basl as employees, Defendant McCandless had a duty to use reasonable care to control Defendants DiSanti and Basl while acting within and outside the scope of their employment to prevent them from intentionally harming Plaintiff or from conducting themselves in a way that created an unreasonable risk of harm to Plaintiff.  Further, Defendant McCandless knew or should have known that using this control was necessary to prevent harm to Plaintiff.

100.    Defendant McCandless failed to do anything.

101.    It was foreseeable that harm would occur to Plaintiff if Defendant McCandless failed to take reasonable actions to have a safe work environment.  Defendant McCandless failed to take any reasonable actions, and Plaintiff was harmed.

Exhibit 1

102.     Plaintiff was injured due to various personal attacks for Defendant DiSanti's and Defendant Basl's personal reasons.

103.     Plaintiff's injuries took place, in part, at the physical location of the police department.

104.     Defendant McCandless was negligent in not providing a safe workplace and supervising its employees.

WHEREFORE, it is respectfully requested that this Honorable Court enter judgment in favor of the Plaintiffs and against Defendant in an amount in excess of the arbitration limits, together with delay damages, interest and any further relief this Honorable Court deems just and appropriate.

### COUNT IX
### LOSS OF CONSORTIUM
### PLAINTIFF MICHAEL FLYNN v. ALL DEFENDANTS

105.     The allegations in the previous paragraphs are incorporated herein as though fully set forth at length.

106.     At the time of the events complained of in the Plaintiffs' Complaint, the Plaintiffs were married and continue to be married.

107.     As a result of the wrongful and negligent acts of the Defendants as set forth above, Plaintiff Michael Flynn was caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance and fellowship of his wife, Melissa Delval, all to the detriment of their marital relationship.

108.     All of the aforesaid injuries and damages were caused solely and proximately by the negligence of the Defendants.

28

Exhibit 1

WHEREFORE, it is respectfully requested that this Honorable Court enter judgment in favor of the Plaintiffs and against Defendants in an amount in excess of the arbitration limits, together with delay damages, interest and any further relief this Honorable Court deems just and appropriate.

BY:   _/s/ Dion G. Rassias_
DION G. RASSIAS, ESQUIRE
Attorney I.D. No.: 49724
1125 Walnut Street
Philadelphia, PA 19107
(215) 592-1000
(215) 592-8360 (facsimile)
dgr@beasleyfirm.com

Jason Schiffman, Esquire
SCHIFFMAN FIRM, LLC
Attorney I.D. No.: 207103
1300 Fifth Avenue
Pittsburgh, PA 15219
(412) 288-9444
(412) 288-9455 (facsimile)
jason@schiffmanfirm.com

_Attorneys for Plaintiffs_

## <u>NOTICE OF PRESERVATION OF EVIDENCE</u>

PLAINTIFF HEREBY DEMANDS AND REQUESTS THAT DEFENDANTS TAKE NECESSARY ACTION TO ENSURE THE PRESERVATION OF ALL DOCUMENTS, COMMUNICATIONS, WHETHER ELECTRONIC OR OTHERWISE, ITEMS AND THINGS IN THE POSSESSION OR CONTROL OF ANY PARTY TO THIS ACTION, OR ANY ENTITY OVER WHICH ANY PARTY TO THIS ACTION HAS CONTROL, OR FROM WHOM ANY PARTY TO THIS ACTION HAS ACCESS TO, ANY DOCUMENTS, ITEMS, OR THINGS WHICH MAY IN ANY MANNER BE RELEVANT TO OR RELATE TO THE SUBJECT MATTER OF THE CAUSES OF ACTION AND/OR THE ALLEGATIONS OF THIS COMPLAINT.

**THE BEASLEY FIRM, LLC**

BY:   */s/ Dion G. Rassias*
DION G. RASSIAS, ESQUIRE
Attorney I.D. No.: 49724
1125 Walnut Street
Philadelphia, PA 19107
(215) 592-1000
(215) 592-8360 (facsimile)
dgr@beasleyfirm.com

Jason Schiffman, Esquire
SCHIFFMAN FIRM, LLC
Attorney I.D. No.: 207103
1300 Fifth Avenue
Pittsburgh, PA 15219
(412) 288-9444
(412) 288-9455 (facsimile)
jason@schiffmanfirm.com

*Attorneys for Plaintiffs*

DATED:  10/23/2020

Exhibit 1

# EXHIBIT A

Exhibit 1



Claimant requests that this Complaint and its attachments be concurrently filed with the U.S. Equal Employment Opportunity Commission (EEOC).

## PENNSYLVANIA HUMAN RELATIONS COMMISSION
## EMPLOYMENT DISCRIMINATION QUESTIONNAIRE

### 1. YOUR CONTACT INFORMATION

Name   Melissa Delval

Address   865 Ashley Road
          Street                                    Apt.

   Gibsonia                    PA                    15044
   City                        State                 Zip Code

Phone Number: (H) _____   (Cell)   412-551-6033

Work: _____   E-mail address:   mdelval2009@yahoo.com

Name, address and phone number of a person, who does **NOT** live with you and will know how to contact you:

Name   Dion G. Rassias, Esq.            Phone Number   215-592-1000

Address   The Beasley Firm, LLC, 1125 Walnut Street, Philadelphia, PA 19107
          Street                        City          State      Zip Code

### 2. AGAINST WHAT EMPLOYER DO YOU WANT TO FILE YOUR COMPLAINT?

Employer Name   Town of McCandless
                (Please use your employer's name as indicated on your paycheck or W-2 form)

Address in PA   9955 Grubbs Road          Wexford          PA          15090
                Street                     City             State       Zip Code

Phone Number   412-364-0616   E-mail address: _____

Pennsylvania county where you were harmed:   Allegheny

**NUMBER OF INDIVIDUALS WHO WORK FOR THE EMPLOYER:**
☐ Fewer than 4   ☐ 4 to 14   ☐ 15-20   ☒ 20+

**Type of Business**   Municipality/Police Department

**Is the employer a federal agency?**   ☐ Yes   ☒ No

### 3. DESCRIBE HOW YOU WERE HARMED, AND WHEN, SO WE CAN DETERMINE IF WE CAN ASSIST YOU.   Check all that apply.

<u>Write the date(s)</u> you were harmed beside the discriminatory event or action:

☐ Discharge _____   ☐ Lay-Off _____   ☐ Failure to Recall _____

☐ Forced Transfer _____   ☐ Denied Transfer _____   ☐ Demotion _____

☐ Forced Leave _____   ☐ Leave Denied _____   ☐ Unequal Wages _____

PA Human Relations Commission
MAR 22 2019
Pittsburgh Regional Office

PA Employment Discrimination Questionnaire, Rev. 8-13

Exhibit 1

☐ Unequal Benefits _____   ☐ Failure to Hire _____   ☐ Failure to Promote _____

☐ Discipline (Suspension, Warning, etc.) _____   ☒ Harassment*   <u>Continuous from 8/7/17 through 9/25/18</u>
*Complete question #7 if you were harassed

☐ Forced to Quit _____

Not accommodated because of your: ☐ Disability _____   ☐ Religion _____

**OTHER**, please be specific: _____

## 4.  DO YOU FEEL YOU WERE TREATED DIFFERENTLY (DISCRIMINATED AGAINST) BECAUSE OF ANY OF THE CHARACTERISTICS BELOW?

The commission can investigate your complaint only if you believe you were treated differently and harmed because of your race, color, religion, ancestry, age, sex, national origin, non-job related disability or the use of a guide or support animal for blindness, deafness or physical disability.  For example, if you feel you were treated worse than someone else because of your race, please indicate race as the reason.  If you feel you were treated differently because of your race and sex, please check both race and sex. **Only check reasons which explain why you were harmed**.  Also, please identify your race, color, religion, national origin or ancestry, etc. **if** you were discriminated against based on those factors.

☐ Male   ☒ Female   ☐ Pregnant

☐ Age (40 or older only):  Date of Birth _____

☐ Race _____   ☐ Color _____

☐ Religion _____   ☐ Ancestry _____

☐ National Origin (country in which you were born) _____

☐ Association with a person of a different race than your own:

Your race _____   the other person's race _____

☐ Use of a guide or support animal _____

☐ Refusal to perform, participate in, or cooperate in abortion or sterilization services

☐ GED   ☐ Other _____

☐ I have a disability. (please complete #8)   ☐ The employer treats me as if I am disabled.

☐ I had a disability in the past.  (please complete #8)

☐ I have a relationship or association with someone who has a disability. (please complete #8)

☐ **RETALIATION**
If you believe you were **harmed** because you complained about what you believed to be unlawful discrimination, because you **filed** a complaint about unlawful discrimination, or because you assisted someone else in complaining about discrimination, please complete the following information.

Date you filed a complaint with the PA Human Relations Commission _____

Exhibit 1   PA  Employment Discrimination Questionnaire, Rev. 8-13

If you filed a complaint with another agency, list the agency's name and date of filing:

_____

Date you complained about discrimination to a manager _____

Date you assisted someone in complaining about discrimination _____

## 5. WHEN WERE YOU HIRED OR WHEN DID YOU APPLY FOR A JOB WITH THE EMPLOYER?

Date you became an employee:   08/07/17 _____

Position for which you were hired:   Police officer _____

What was your position at the time you were harmed?   Police officer _____

If you were seeking to be hired by an employer:

When did you apply?_____   When did you learn you were not hired?   _____

## 6. STATE THE REASONS THE EMPLOYER GAVE YOU FOR ACTIONS THAT HARMED YOU.
   See attached. _____

_____

Who told you about the employer's reasoning for the action?  Include his or her job title.
   See attached. _____

When were you told about the action taken against you? (Date or Dates)
   N/A _____

If you were given no reason, please check here.   ☐

Regarding how you were harmed, please identify a person or persons who were treated better than you.  For example, as a **male employee** you were disciplined for a work violation, but a **female employee** who committed the same work violation was not disciplined.

Name of employee - First and Last (if known)
   See attached. _____

How is this person _different_ from you?  For example, what is his or her race, age, religion, etc.?
   See attached. _____

Please explain **exactly** how this person was treated better or differently than you. Include dates.
   See attached. _____

_____

If you cannot identify someone who was treated better or differently than you, you need to describe an incident, statement, *etc.* which can be investigated, and which directly relates to why you were treated differently than someone else.
   See attached. _____

_____

Exhibit 1 3   PA  Employment Discrimination Questionnaire, Rev. 8-13

**7.  IF YOU CHECKED ONE OF THE FOUR DISABILITY CATEGORIES IN #4, ANSWER THE FOLLOWING QUESTIONS.**

What is your disability?  ___N/A_____

How long have you had this disability and when did it start?

Do you still have this disability?  ☐ yes    ☐ no

If yes, how much longer do you expect to have  the disability?  _____

What major life activities do **you have great difficulty performing** because of your disability (Check all that apply.)

☐ Seeing    ☐ Hearing    ☐ Bending    ☐ Walking    ☐ Lifting    ☐ Stooping    ☐ Turning

☐ Climbing    ☐ Running    ☐ Talking    ☐ Standing for long periods

☐ Sitting for long periods    ☐ Caring for yourself    ☐ Thinking    ☐ Concentrating

☐ Relating to Others

Other Major Life Activities (**Be specific**)  _____

If you have had a disability in the past, when did it start, and what date did it

end?  _____

If your employer treats you as if you are disabled:  What disability do they think or believe

you have?  _____

Who are the people that are treating you as disabled (names and positions or titles)?

_____

Why do you think that these people think or believe you have a disability?

_____

How did your employer learn about your disability?  _____

On what date did they learn about your disability?  _____

Which specific manager/official/agent learned about your disability? (include title or position)

_____

If you are related to someone who has a disability, what is your relationship to this person?

_____

What is this person's disability?  _____

How and on what date did the employer learn about this person's disability?

_____

Exhibit 1   PA Employment Discrimination Questionnaire, Rev. 8-13

Did you ask for an accommodation or assistance in order to do your job? ☐ yes   ☐ no

IF YES,

    (1)  To whom did you make your request? _____

    (2)  What date was the request made? _____

    (3)  Explain what the accommodation or assistance was that you requested, and why.

    _____

    _____

Did the employer provide your requested accommodation or assistance? ☐ yes   ☐ no

If so, on what date? _____

Did the employer provide some other accommodation or assistance instead? ☐ yes   ☐ no

If yes, please explain. _____

_____

Did the employer deny your request for an accommodation or assistance? ☐ yes   ☐ no

if so, who denied your request?

_____

What date was the request denied? _____

What reason was given to you for the denial? _____

_____

_____

8.  **IF YOU CHECKED THAT YOU WERE HARASSED UNDER #3, ANSWER THE FOLLOWING QUESTIONS AS COMPLETELY AS POSSIBLE.**

Name the person(s) who harassed you: Chief David DiSanti and Lieutenant Jeffrey Basl

His or her position or job title   Chief of Police and Police Lieutenant

When were you harassed?  Starting  date 08/07/17           Ending date   09/25/18

Is the harassment still continuing? ☐ yes   ☒ no

How often did the harassment occur?  As well as possible, please indicate **date, month and year** of each incident and how often the harassing actions occurred.

☐ One time only _____   ☐ Once a day _____

☐ Several times daily _____

☒ multiple times/week   Continuous from 8/7/18 through 9/25/18.  See attached.

Exhibit 1   PA  Employment Discrimination Questionnaire, Rev. 8-13

☐ multiple times/month _____

Please provide two or three examples of the harassment you experienced.

See attached. _____

_____

_____

Did you consider any of the above acts of harassment to be especially severe and/or offensive?

☒ Yes ☐ No   If so, please explain why.  See attached. _____

_____

_____

Did the harassment have a negative or harmful effect on your work environment, health or personal life?  If so, please explain:

 Yes, see attached. _____

_____

_____

Did you complain to anyone about the harassment? ☒ Yes ☐ No

To whom did you complain?

Toby Cordek                              Town Manager, Town of McCandless
Name                                     Position or job title

What date did you complain?   10/21/18 _____

Did the harassment stop after you complained about it? ☒ Yes ☐ No

If it ended, on what date did it stop? _____

After you complained, were any other actions taken against you? (for example – discipline, discharge, etc.) ☐ Yes ☒ No

What were the actions? _____

On what dates did they occur? _____

Who took the action against you? _____

Did this person know that you complained about the harassment? ☒ Yes ☐ No
Please identify someone who is different than you and who was treated better:

Male officers (see attached) _____
Name                                     Position or job title

Reason they were treated better than you as discussed in #4 above:  They are male, and I am female.

How were they treated better regarding the harassment?
They were not harassed.  See attached.

Exhibit 1   PA Employment Discrimination Questionnaire, Rev. 8-13

9. **HAVE YOU BEEN INVOLVED IN ANY COURT ACTION REGARDING THIS MATTER? (COURT ACTION INITIATED BY YOU OR ANYONE ELSE.) IF SO, PLEASE SPECIFY THE COURT AND THE DATE FILED, TO THE BEST OF YOUR MEMORY.**

☐ Yes ☒ No   Court          City              County        State        Date filed

10. **IF YOU HAVE FILED THIS COMPLAINT WITH ANY OTHER LOCAL, STATE OR FEDERAL AGENCY, PLEASE ANSWER THE FOLLOWING:**

Name of the agency with which you filed  Claimant requests that this Complaint be cross-filed with the EEOC.

Date of filing                    Inquiry or Complaint number

11. **IF YOU WILL HAVE AN ATTORNEY REPRESENTING YOU ON THIS MATTER, PLEASE HAVE YOUR ATTORNEY SEND US A LETTER THAT CONFIRMS THIS. (YOU DO NOT NEED AN ATTORNEY TO FILE A COMPLAINT.)**

<u>**YOU MUST SIGN AND DATE THIS FORM BEFORE RETURNING IT.**</u>

☒ *I hereby verify that the statements contained in this form are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 PA.C.S. Section 4904, relating to unsworn falsification to authorities.*

Signature _____

Date  21 March 2019

**IF YOU HAVE OTHER INFORMATION YOU BELIEVE WE NEED TO KNOW TO HELP US UNDERSTAND YOUR COMPLAINT, PLEASE PROVIDE IT BELOW. FEEL FREE TO ATTACH ADDITIONAL PAGES TO DESCRIBE WHAT HAPPENED TO YOU AS COMPLETELY AS POSSIBLE.**
See attached.

Exhibit 1   PA  Employment Discrimination Questionnaire, Rev. 8-13

Officer Melissa Delval was subjected to constant, persistent and systemic sexual harassment and discrimination, specifically by Police Chief David DiSanti, Lieutenant Jeffrey Basl and others, from the time she was sworn into the Town of McCandless Police Department on August 7, 2017 through September 25, 2018. This severe, pervasive, continuous and highly inappropriate and illegal conduct by the Chief and other officers created a hostile work environment and has caused Officer Delval to suffer mentally, emotionally, professionally and economically. The specific acts of harassment and discrimination include the following:

1.      On Monday, September 4, 2017, Chief DiSanti[1] grabbed and forcibly kissed Officer Delval at a family gathering at his home while she was in full uniform and on duty. She was brought to the gathering by Officer David Martin, with whom she was assigned for field training, and as they began to leave the home to return to their duties, Chief DiSanti pulled Officer Delval into his arms against her will and attempted to kiss her on the lips. She was able to turn her head, and he kissed the right side of her head. This act was completely unasked for and unwelcome, and indicative of Chief DiSanti's ongoing inappropriate conduct.

2.      Lieutenant Jeffrey Basl made constant, daily sexual comments to Officer Delval and other officers in the department, which has resulted in an uncomfortable work environment. These comments include asking fellow officers if they want any "throat yogurt" (referring to oral sex), "eating hot dogs with no hands," and referring to his commanding officer Lt. Ryan Hawk as "Saving Ryan's Privates" and "Ryan Hawk suck a cock."

3.      On September 25, 2018, Officer Delval was assigned to on-duty training at the Allegheny County Training Academy Range. She was in a marked patrol car driving through the

---

[1] Upon information and belief, Chief DiSanti was previously discharged from the Oakmont Police Department when it was discovered that he was having a sexual relationship with a department secretary. Apparently unfazed, the Town of McCandless hired him anyway, and through sham interrogations and hollow "punishment," continue to greenlight his misconduct.

Exhibit 1

parking lot when she saw Lt. Basl standing in the parking lot. Lt. Basl turned to face Officer Delval, grabbed his genitals over his pants, stuck out his tongue and began shaking his genitals and head at her, simulating oral sex.

4.      During her swearing in on August 7, 2017, former councilman Ralph LeDonne described Officer Delval as "the winner of the Jennifer Aniston look-a-like contest," while the other two officers that were sworn in that day received no comments about their appearance. This statement was documented via video and was witnessed by numerous citizens, Town Council and the Town Manager.

5.      From August 8, 2017 to October 14, 2017, Officer Delval completed her field training with Officer David Martin. Chief DiSanti told Officer Delval that she was assigned to Officer Martin because she is female and Officer Martin was in a "committed relationship," inferring that he did not trust the other officers in the department, though nearly all of them are married, to maintain a professional relationship.

6.      Officer Delval's field training was different than that of her male counterparts because of her gender. For example, it is common practice that the trainee takes every available arrest while undergoing training, but Officer Delval was denied at least one DUI arrest. Officer Delval reported her deliberately inadequate field training experience to other officers and Lieutenant Basl, but nothing was done.

7.      Also throughout field training, Officer Delval was called into Chief DiSanti's office multiple times per week so that the Chief could "gossip," and he consistently looked for excuses to conduct these closed-door meetings with her. It became so pervasive, that other officers and administrative staff commented to Officer Delval that they had never seen or experienced anything similar, and it became a joke in the department. Notably, none of Officer

Exhibit 1

Delval's male counterparts experienced similar behavior or frequent closed-door invitations from the Chief.

8.     In fact, during one of these closed-door meetings, Chief DiSanti inquired whether Officer Delval was interested in participating in the Attorney General's Drug Task Force. Officer Delval expressed her interest and stated that she had prior experience in undercover operations with the City of Pittsburgh's Narcotics and Vice Unit, which included the purchase of club drugs and prostitution.  The Chief responded by saying, "You, working prostitution?  That's entrapment!"  When Officer Delval did not respond, the Chief stated further, "I'm complimenting you by the way.  That's a compliment.  You're very attractive."  This statement is not only unprofessional, it was unwelcome and troubling to Officer Delval.

9.     In September of 2017, Chief DiSanti initiated a sexual harassment investigation against former Lieutenant Thomas Niebel on Officer Delval's behalf, <u>even though she had never been sexually harassed by Lt. Niebel</u>, based solely on the fact that he had a personal vendetta against the lieutenant.  Officer Delval made it clear that Lt. Niebel had never sexually harassed her or displayed any inappropriate behavior toward her, but Chief DiSanti used her gender to falsify a sexual harassment claim.  Though she spoke truthfully during the investigation and stated unequivocally that she was never harassed by Lt. Niebel, her statements were dismissed as "tactful" by the Chief, and Lt. Niebel was forced to retire from the Police Department.

10.    Officer Delval was advised by a fellow officer that the Chief was targeting her specifically because he felt rejected, because she did not volunteer for his various "social media spectacles" and did not offer to be the "young, pretty face of the department."

Exhibit 1

11.     The ongoing, constant, systematic and outrageous abuses and acts of discrimination set forth above have caused Officer Delval emotional, mental, professional and economic harm.

12.     Further, the Town of McCandless, and more specifically, the McCandless Town Council, has outrageously allowed, and therefore perpetuated, this conduct and behavior by failing to fully and properly investigate its wayward police force and leadership, and has therefore directly cultivated and permitted this fraternity atmosphere to permeate all aspects of its police department.



Relat        ssion

MAR 22 2019

Pittsburgh
Regional Office

Exhibit 1

# EXHIBIT B

Exhibit 1


**pennsylvania**
HUMAN RELATIONS COMMISSION

June 11, 2020

Melissa Delval
865 Ashley Road
Gibsonia, PA 15044

RE:  Melissa Delval Vs. Town of McCandless

Case No. 201802955
EEOC No. 17F202060310

Dear Melissa Delval,

It has been one year since you filed your complaint with the Pennsylvania Human Relations Commission. This is to notify you that you now have the right to bring an action in the appropriate Pennsylvania Court of Common Pleas based on the alleged violations of the PHRAct contained in your Commission complaint. This right is provided under Section 12(c) of the Human Relations Act, 43, P.S. § 962(c).

Please be advised that you are not required to file such an action in the State Court of Common Pleas. The Commission is continuing to process your case, and we will make every effort to resolve it as soon as possible. If we are not notified otherwise, we will assume that you want the Commission to continue handling your case.

If you do file a complaint in a Court of Common Pleas, the Commission will dismiss your complaint. This means that you will be unable to have the Commission decide your case even if your complaint is dismissed in State Court because of a procedural error. Procedural errors may include filing the complaint in State Court in the wrong county or filing in State Court after your time to file has expired. For this reason, you should make every effort to assure that any complaint you file in State Court will be properly filed before you file it.

If you believe you might want to take your case to State Court, we suggest that you consult a private attorney about representing you in that action. This should be done before you file the complaint so that your attorney may advise you on the best course of action for you to take.

Should you file a complaint in State Court, you are required by Section 12(c)(2) of the PHRAct to serve the Human Relations Commission with a copy of the Court complaint. This copy must be served on the Commission at the same time you file it in Court. The copy is to be sent to:

> Chief Counsel
> Pennsylvania Human Relations Commission Executive Offices
> 333 Market Street, 8th Floor
> Harrisburg, PA 17104-2210

If you have any questions concerning this matter, please feel free to contact the investigator who is handling your case.

Very Truly yours,

*Jinada Rochelle*

Jinada Rochelle

Enforcement Office

cc: Dion Rassias

PA Human Relations Commission Executive Offices
333 Market Street, 8th Floor | Harrisburg, PA 17101 | (717) 787-4410 | www.phrc.pa.gov

Exhibit 1

# EXHIBIT C

Exhibit 1

Vice President
Gregory W. Walkauskas        Fifth Ward

Bill Kirk                Second Ward
Steven E. Mertz          Third Ward
Joan D. Powers           Fourth Ward
Carolyn L. Schweiger     Sixth Ward
William J. McKim         Seventh Ward



Zoning Office
Building Inspection      412-364-06
Tax Department           412-364-06
Public Works             412-364-06
Police                   412-364-06
                         412-369-79

9955 Grubbs Road, Wexford, PA 15090-9644
Phone: 412-364-0616 * Fax: 412-364-5066

October 9, 2019

Officer Melissa Delval
Town of McCandless Police Department
9955 Grubbs Road
Wexford, PA 15090

Dear Officer Delval:

First, let me say congratulations in regard to your pregnancy.  I certainly hope that you and your baby are doing well.

I understand from Chief DiSanti and Ann Moss, Personnel Assistant that you recently inquired about whether a light duty assignment is available.  The answer is no, the Town of McCandless Police Department does not have light duty positions.

You will need to have your doctor determine your ability to perform your duties as a police officer as outlined in the position description for the position.  Should your doctor determine that there is a time you can't perform those duties, you may apply for Short Term Disability coverage which is available to you.  You would also qualify for leave under the Family Medical Leave Act.

Please feel free to contact me if you have any additional questions.

Yours truly,

Robert T. Grimm
Town Manager

Exhibit 1

## VERIFICATION

MELISSA DELVAL hereby verifies that the statements made in the foregoing Complaint are true and correct to the best of her knowledge, information, and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

MELISSA DELVAL

Exhibit 1

## VERIFICATION

MICHAEL FLYNN hereby verifies that the statements made in the foregoing Complaint are true and correct to the best of his knowledge, information, and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

MICHAEL FLYNN

Exhibit 1