IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MELISSA DELVAL** and **MICHAEL FLYNN W/H**, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) 2:20cv1839 ) **Electronic Filing** |
| **TOWN OF MCCANDLESS**, **DAVID DISANTI** and **JEFFREY BASL** | ) ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

AND NOW, on this 6th day of January, 2023, upon consideration of plaintiffs' numerous "objections" to subpoenas assertedly served on third parties, which the court has construed as motions to quash the same, IT IS ORDERED that [57], [58], [59], [60], [61], [62], [63], the motions be, and the same hereby are, are GRANTED IN PART AND DENIED IN PART. The motions are granted to the extend they seek to quash the subpoenas as untimely issued.

Section A, paragraph 2 of the Case Management Order dated January 15, 2021 (Doc. No. 15) as most recently amended by the Order of November 22, 2022 (Doc. No. 56), clearly indicated that all fact discovery was to be completed by December 30, 2022, and that "[a]ll written discovery shall be initiated in sufficient time to permit responses to be completed and depositions to be taken in compliance with all applicable deadlines." Despite this deadline and limitation, defendants' counsel, without an authorized extension issued by this court, served the third-party subpoenas a mere three days before the discovery deadline. As a result, plaintiffs were not given a sufficient amount of time to contact opposing counsel and work toward the resolution of any genuine dispute regarding any relevant information sought by the subpoenas and/or assuring sensitive information of others not involved in this litigation properly was protected from unwarranted disclosure. Furthermore, defendants counsel's actions set in motion a series of events that precluded both parties from assuring compliance with LCvR 16E, which

states: "[c]ounsel shall confer and attempt to resolve issues regarding additional discovery before a motion to produce is filed with the Court."

Therefore, the subpoenas are deemed to be quashed without prejudice. The motions are denied in all other respects.

This ruling is without prejudice to defendants pursuing production of any information within the scope of the third-party subpoenas provided it remains relevant and a necessary means of production after 1) the narrowing of the subpoenas to pursue only the information that is relevant to the claims raised and the actual parties before the court; 2) pursuing in good faith negotiations with plaintiff regarding any necessary authorizations to obtain the requested information short of issuing the subpoenas and/or an agreement(s) to utilize a subpoena to obtain such information, 3) conferring with plaintiffs' counsel in person to determine whether plaintiffs themselves are or are not able to provide access to the information through other means of production; and 4) the filing of a motion seeking leave to issue the subpoenas and demonstrating clear and unequivocal compliance with this Memorandum Order.

    s/ David Stewart Cercone
    David Stewart Cercone
    Senior United States District Judge

cc:    Dion G. Rassias, Esquire
       Jason M. Schiffman, Esquire
       Jordan P. Shuber, Esquire
       Thomas E. Breth, Esquire
       Thomas W. King, III, Esquire
       Jon Hogue, Esquire

       (*Via CM/ECF Electronic Mail*)