IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MELISSA DELVAL** and **MICHAEL FLYNN W/H**, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | )   2:20cv1839 )   **Electronic Filing** |
| **TOWN OF MCCANDLESS**, **DAVID DISANTI** and **JEFFREY BASL** | ) ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

AND NOW, this 9th day of March, 2023, upon due consideration of plaintiff's uncontested motion to file documents under seal and after an *in camera* review of plaintiff's pretrial narrative statement, IT IS ORDERED that [74] the motion be, and the same hereby is, granted in part and denied in part.  The motion is granted to the extent it seeks to have the following redacted from the public version of plaintiff's pretrial narrative statement filed into CM/ECF (and instead filed with the court under seal): the first two sentences of ¶ 1 of the Damages Section starting on page 18 of Plaintiff's Pretrial Narrative Statement.  In all other aspects the motion is denied.

The standards by which this court will permit the filing of judicial documents under seal are thoroughly addressed in Mine Safety Appliances Co. v. North River Ins. Co., 73 F. Supp.3d 544 (W.D. Pa. 2014).  Suffice it to say that the entry of a protective order that permits the parties to designate materials produced in discovery to be "confidential" does not equate to a basis to have judicial documents filed into the record under seal.  Id. at 563 ("Meeting the good cause standard of Rule 26(c) cannot in itself provide the showing needed to seal the submission of

judicial records to be utilized in a formal adjudication of central issues in a lawsuit."). Instead, "[a]t the very least, . . . the party seeking the closure of a hearing or the sealing of part of the judicial record bears the burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." Id. (citations omitted). "Such an injury must be shown with specificity." Id. at 560 (citations omitted). "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." Id. (citations omitted).

The court has reviewed the proposed pretrial narrative statement to be filed under seal *in camera* pursuant to these standards and, with the exception of the two sentences that may be redacted from the public filing of the narrative statement into CM/ECF, the court cannot ascertain any traditional or other recognized basis to permit the use of its seal as to the judicial documents pertaining to the central adjudication of the parties' dispute. Consequently, the motion has otherwise been denied.

                                                  s/David Stewart Cercone
                                                  David Stewart Cercone
                                                  Senior United States District Judge

cc:     Dion G. Rassias, Esquire
          Jason M. Schiffman, Esquire
          Jordan P. Shuber, Esquire
          Thomas E. Breth, Esquire
          Thomas W. King, III, Esquire
          Jon Hogue, Esquire

          (*Via CM/ECF Electronic Mail*)