IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELISSA DELVAL and<br>MICHAEL FLYNN, W/H | : | CIVIL ACTION |
| | : | |
| | : | Case No.: 2:20-cv-01839-DSC |
| Plaintiffs, | : | |
| | : | The Hon. David S. Cercone |
| v. | : | |
| | : | *Electronically Filed and Served Upon all* |
| TOWN OF McCANDLESS, DAVID<br>DiSANTI, and JEFFREY BASL, | : | *Counsel of Record via CM/ECF* |
| | : | |
| Defendants. | : | |

### DEFENDANT TOWN OF McCANDLESS'S
### MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, Local Rule 56, and the Amended Case Management Order at ECF 72, Defendant, Town of McCandless ("**McCandless**"), respectfully moves this Honorable Court to grant summary judgment in its favor, and against Plaintiffs, at Counts II (Title VII), IV (Negligence), VI (Intentional Infliction of Emotional Distress), VIII (Negligent Hiring/Retention of Employee) and IX (Loss of Consortium), of Plaintiffs' Complaint (ECF 1-2), for all the reasons as set forth in this Motion, its Concise Statement of Material Facts, its Memorandum of Law in Support, and its Appendix, as if fully set forth at length herein. McCandless further states as follows:

1.   McCandless is entitled to summary judgment at Count II (Title VII) because the *Faragher-Ellerth* affirmative defense bars Plaintiffs' claims. *See e.g. Cacciola v. Work N Gear*, 23 F. Supp. 3d 518, 532 (E.D. Pa. 2014).

2.   McCandless is entitled to summary judgment at Counts IV (Negligence), VI (Intentional Infliction of Emotional Distress), VIII (Negligent Hiring/Retention of Employee)

because McCandless is immune from liability pursuant to the Pennsylvania Political Subdivision Tort Claims Act ("PSTCA"). *Compare* 42 Pa.C.S.A. § 8541 *with* 42 Pa.C.S.A. § 8542.

3. McCandless is entitled to summary judgment at Count VIII (Negligent Hiring/Retention of Employee) because there are no material facts that demonstrate McCandless knew or should have known about the propensity of Defendants DiSanti or Basl and that their employment created a situation in which third parties could be harmed. *See* e.g. *Hutchinson ex rel. Hutchinson v. Luddy*, 742 A.2d 1052, 1059-60 (Pa. 1999); *Smith v. RB Distrib., Inc.*, CV 20-900, 2020 WL 6321579, at *13 (E.D. Pa. Oct. 28, 2020).

4. McCandless is entitled to summary judgment at Count IX (Loss of Consortium) because Plaintiff Delval has failed to state any "tangible personal injury" to support Plaintiff Flynn's claim for loss of consortium, and his claim is barred by the Statute of Limitations. *See e.g. Berda v. CBS Inc.*, 800 F. Supp. 1272, 1275 (W.D. Pa. 1992), *aff'd sub nom. Berda v. C.B.S., Inc.*, 975 F.2d 1548 (3d Cir. 1992) (citation omitted).

WHEREFORE, Defendant, Town of McCandless, respectfully requests that the Court grant its Motion for Summary Judgment and enter judgment as a matter of law as to Counts II, IV, VI, VIII, and IX of Plaintiffs' Complaint. A Proposed Order is attached.

> Respectfully Submitted,
> **DILLON, MCCANDLESS, KING,**
> **COULTER & GRAHAM, L.L.P.**
>
> By: /s/ Jordan P. Shuber
>     Jordan P. Shuber
>     PA. I.D. No. 317823
>     jshuber@dmkcg.com
>
> 128 West Cunningham St.
> Butler, PA 16001
> 724-283-2200 (phone)
> *Counsel for Defendant, Town of McCandless*

- 3 -

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of **DEFENDANT TOWN OF McCANDLESS'S MOTION FOR SUMMARY JUDGMENT** has been served upon all counsel of record via CM/ECF this 28th day of April, 2023.

/s/ Jordan P. Shuber
Jordan P. Shuber
